IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CR 457 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso, |
| JUAN MANUEL SANCHEZ-JARA, | ) | Judge Presiding |
| | ) | |
| Defendant. | ) | |

## MOTION OF DEFENDANT JUAN MANUEL SANCHEZ-JARA TO SUPPRESS EVIDENCE OBTAINED FROM USE OF A CELL PHONE SIMULATOR

NOW COMES JUAN MANUEL SANCHEZ-JARA, by his attorney, John T. Kennedy, Panel Attorney with the Federal Defender Program, and moves this Honorable Court to suppress evidence obtained from use of a cell phone simulator.

### Motion to Suppress Evidence

1. On July 27, 2015 the defendant resided in the basement apartment of a house located at 3606 W. 81st Street, Chicago, Illinois. See attached Affidavit of Juan Manuel Sanchez-Jara dated July 25, 2016.

2. Government agents obtained a "Warrant and Order" issued on the basis of probable cause to believe that locating a certain cellular phone will constitute or lead to evidence of certain generalized offenses.

3. The government agents did not have a warrant satisfying Fourth Amendment probable cause.

4. The government agents only had a hunch that the defendant

was involved in criminal activity.

5. Use of a device that is not in general public use to explore details about a home that would not have previously been knowable without physical intrusion is a search.

6. Use of the cell phone simulator to locate the defendant's residence constituted a warrantless search.

7. A warrantless search is <u>per se</u> unreasonable and a violation of the Fourth Amendment.

8. As a result of the warrantless search, government agents arrested the defendant.

9. As a result of the warrantless search, government agents obtained consent to search the residence through coercion of the defendant, and after the fact.

10. Fruits of the illegal search include locating the cellular telephone in defendant's residence, the arrest of the defendant, statements of the defendant, and seizure of physical items from the residence and garage of the defendant.


<u>ARGUMENT</u>

<u>The Fourth Amendment</u>

The Fourth Amendment guarantees that "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause..."

U.S.Const. amend. IV.  The underlying command of the Fourth Amendment is always that searches and seizures be reasonable.  New Jersey v. T.L.O., 469 U.S. 325, 337 (1985).  A "Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." Kyllo v. United States, 533 U.S. 27, 33 (2001).  Barring narrow exceptions, "warrantless searches are per se unreasonable under the Fourth Amendment." City of Ontario v. Quon, 560 U.S. 746, 760 (2010), quoting Katz v. United States, 189 U.S. 347, 357 (1967).  At the core of the Fourth Amendment "stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." Kyllo v. United States, 533 U.S. at 31.

Degree of privacy protected

The Court must "assur[e] preservation of that degree of privacy against government that existed when the Fourth Amendment was adopted." Kyllo v. United States, 533 U.S. at 34, 121 S.Ct. 2038.  The Court applies "an 18th century guarantee against unreasonable searches, which must provide at a minimum the degree of protection it afforded when it was adopted." United States v. Jones, ___U.S.___, 132 S.Ct. 946, 953 (2012).

Two approaches:  property and expectation

Initially, the Fourth Amendment was applied on a property-based approach. United States v. Jones, ___U.S.___, 132 S.Ct. at 950.  Later, the Court deviated from that approach when it said,

"the Fourth Amendment protects people, not places," and in <u>Katz</u> found it a violation of the Fourth Amendment to attach an eavesdropping device to a public telephone booth. <u>United States v. Jones</u>, ____U.S.___, 132 S.Ct. at 950, citing <u>Katz v. United States</u>, 389 U.S. 347, 351 (1967). That resulted in the principle that a search is unreasonable when government officials violate a person's "reasonable expectation of privacy." <u>Katz v. United States</u>, 389 U.S. 347, 360.

In summary, there are two tests for determination of violation of the Fourth Amendment: first, the property based test, where a physical intrusion gives rise to a Fourth Amendment violation; and second, a "reasonable expectation of privacy" test, where there is no physical intrusion but the Fourth Amendment protection of a person is violated.

<u>Was there a search?</u>

Did use of a cell site simulator against a residence to learn whether a cell phone was within the residence constitute a search? A "search" does not occur, even in a house explicitly protected by the Fourth Amendment, unless the individual manifested a subjective expectation of privacy in the searched object, and society is willing to recognize that expectation as reasonable. <u>Kyllo v. United States</u>, 533 U.S. at 33, citing <u>California v. Ciraolo</u>, 476 U.S. 207, 213 (1986).

In <u>Katz</u>, an eavesdropping device attached to a phone booth was

used to pick up the sound waves that reached the exterior of a phone booth.  It was a search, because it was a violation of the reasonable expectation of privacy.  Katz v. United States, 389 U.S. at 353, 361.

In the case of the search of a home's interior, the question is whether a person has a minimal expectation of privacy, and that expectation is acknowledged to be reasonable.  Kyllo v. United States, 533 U.S. at 34.  If there is such a reasonable expectation of privacy, obtaining by sense-enhancing technology any information regarding the home's interior that could not otherwise have been obtained without physical intrusion into a constitutionally protected area constitutes a search, at least where the technology in question is not in general public use.  Kyllo v. United States, 533 U.S. at 34, citing Silverman v. United States, 365 U.S. 505, 512 (1961).

Kyllo anticipated and addressed the ever-increasing sophistication of police technology, and determined to protect the privacy guarantee of the Fourth Amendment by addressing surveillance done by sense-enhancing equipment not in general use. Kyllo v. United States, 533 U.S. at 40.

In Kyllo, agents used thermal imaging to measure the heat radiating from the home's external surface.  Under the expectation of privacy principle stated in Katz, this was a search.  Because in the sanctity of the home all details are intimate details, it made

- 5 -

no difference that thermal imaging did not pick up "intimate" details.  Kyllo v. United States, 533 U.S. at 37.

Here, as in Kyllo, the agent's use of a cell phone simulator was use of sense-enhancing technology, a technology not in general public use.  Its use to obtain information regarding the home's interior, namely the presence of a cell phone, that could not otherwise have been obtained without physical intrusion into the home, constituted a search.

Just as in Katz, where an eavesdropping device attached to a phone booth was used to pick up the sound waves that reached the exterior of a phone booth, here a cell phone simulator sent signals into the home and forced a cell phone to emit signals that reached the exterior of the home and were captured by the cell phone simulator.  This was in violation of the Fourth Amendment reasonable expectation of privacy.

The Court for the Second District, Southern District of New York, has held that use of a cell site simulator requires a warrant based upon probable cause.  United States v. Lambis, 15 cr 734 (2nd Dist., SDNY, 7/12/2016) Doc. #30.  A copy of the memorandum opinion and order is attached.  In Lambis, the district court order recited that the State Appellate Court in Maryland has also held that use of a cell site simulator requires a warrant based upon probable cause, giving the citation as State v. Andrews, 227 Md.App. 350, *Md.Ct.Spec.App. 2016) Doc. #30 at p. 6.

The Lambis decision further states that the government itself has changed its internal policies to now require government agents to obtain a warrant before using a cell site simulator. United States v. Lambis, 15 cr 734 (2nd Dist., SDNY, 7/12/2016) Doc. #30 at p. 6.

In a memorandum opinion and order in the Northern District of Illinois, Western Division, the Court stated that the manufacturer of cell-site simulators (Harris Corporation) is very protective about information of what cell-site simulators can do. The Court observes that Harris requires law enforcement officers, and others, to sign non-disclosure agreements regarding the devices. In the Matter of the Application of the USA, etc., No. 15 MC 0021, Ian D. Johnston, U.S. Magistrate Judge, 11/09/2015, Doc. #1 at p. 2. A copy of the memorandum opinion and order is attached. This raises the disquieting question of how can the defendant obtain necessary information if law enforcement has entered into non-disclosure agreements regarding the devices.

In the memorandum opinion and order, the Court set out what cell phone simulators are believed to do, including force a cell phone to direct its signal to the simulator, which captures electronic information from the cell phone. In the Matter of the Application of the USA, etc., No. 15 M 0021, Ian D. Johnston, U.S. Magistrate Judge, 11/09/2015, Doc. #1 at p. 6.

Also in the memorandum opinion, the Court observed that in

most cases, the Department of Justice requires federal agents to meet the Fourth Amendment's probable cause standards. <u>In the Matter of the Application of the USA, etc.</u>, No. 15 M 0021, Ian D. Johnston, U.S. Magistrate Judge, 11/09/2015, Doc. #1 at p. 7.


<u>CONCLUSION</u>

Because the search of the defendant's home was in violation of the Fourth Amendment probable cause requirement, elements and physical evidence should be suppressed as fruit of the poisonous tree. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).


WHEREFORE, for all the reasons set forth above, the defendant Juan Manuel Sanchez-Jara respectfully requests that this Honorable Court to suppress from introduction into evidence the following:

a.  the physical evidence seized from the defendant;

b.  the statements of the defendant;

c.  all other knowledge and the fruits thereof, witnesses, statements, whether written, oral, or gestural and physical evidence which is the direct and indirect product of the search.

Respectfully submitted,
FEDERAL DEFENDER PANEL
ATTORNEY PROGRAM
Carol A. Brook
Executive Director

/s/ John T. Kennedy

By:_____
    John T. Kennedy
    Attorney for Defendant

John T. Kennedy
Attorney for Defendant
820 Davis Street, Suite 434
Evanston, Il 60201
(847) 425-1115