```
                      IN THE
            UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )    No. 15 CR 457
    v.                         )
                               )    Hon. Jorge L. Alonso,
JUAN MANUEL SANCHEZ-JARA,      )    Judge Presiding
                               )
            Defendant.         )

**REPLY IN SUPPORT OF DEFENDANT JUAN MANUEL SANCHEZ-JARA'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM USE OF A CELL PHONE SIMULATOR**

NOW COMES the defendant, JUAN MANUEL SANCHEZ-JARA, by his attorney, John T. Kennedy, Panel Attorney with the Federal Defender Program, and for his reply in support of his motion to suppress evidence obtained from use of a cell phone simulator states as follows:

<u>ARGUMENT</u>

**The Warrant for telephones, not for search of residence**

There are warrants issued for different purposes, and the standard for issuance is not the same. The standard for the warrant issued in this case does not meet the probable cause standard for the search of a residence as required by the Fourth Amendment.

The warrant in the present case was issued pursuant to Title 18 U.S.C. sec. 2703, Required disclosure of customer communications or records.

That statute requires procedural compliance with the Federal Rules of Criminal Procedure:

> [O]nly pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure... 18 U.S.C. sec. 2703.

The procedure for obtaining a warrant is set out the Federal Rules of Criminal Procedure 41. Recitation of Rule 41 in the warrant only shows that reliance was placed on Rule 41 in accordance with the statutory requirement of 18 U.S.C. sec. 2703.

The standard for a court order under Sec. 2703(c) is set out in Sec. 2703(d):

> A court order for disclosure*** shall issue only if the **governmental entity offers** specific and articulable facts showing that there are **reasonable grounds to believe** that the contents of a wire or electronic communication, or the records or other information sought, are **relevant and material to an ongoing criminal investigation.** ***. 18 U.S.C. sec. 2703(d) (emphasis added).

This is a lesser standard than provided for by the Fourth Amendment.

**A warrant for search under the Fourth Amendment**

The Fourth Amendment requires a substantial basis for concluding that a search would uncover evidence of a crime. U.S. Const. amend IV, Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Probable cause is established when, based on the totality of the circumstances, the affidavit sets out sufficient evidence to induce **a reasonably prudent person to believe** that a search will

**uncover evidence of a crime**.  U.S. v. Peck, 317 F.3d 754, 756, citing Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983).

The Fourth Amendment requirements are different in that instead of "a government entity," it is "a reasonably prudent person;" instead of "reasonable grounds," it is "believe;" instead of "relevant and material to an ongoing criminal investigation," it is "uncover evidence of a crime."  The protection afforded by the Fourth Amendment in the search of a house is greater than that afforded for a search of a cell phone.

**The residence of the defendant Juan Sanchez-Jara**

The government completely ignores that the building contained two apartments, one the residence of Individual B (the first floor) and the other the residence of the defendant Juan Sanchez-Jara (the basement).  See Affidavit of Juan Manuel Sanchez-Jara, para. 9.  Individual B had no authority to consent to the search of the basement apartment.

The government has the burden to prove that the consenting third party possessed common authority over, or sufficient relationship to the premises to be searched.  United States v. Brown, 328 F.3d 352, 356 (7th Cir. 2003).  When consent comes from a third party, the totality of the circumstances are considered, including actual or apparent authority and the relationship between the parties.  United States v. Ladell, 127 F.3d 622 (7th Cir. 1997).

**The limitation of the warrant issued**

The government had no warrant to search the residence of the defendant Juan Sanchez-Jara. The government had a warrant only pursuant to 18 U.S.C. sec. 2703(c)(1)(A), which pertains to phones. The standard of probable cause in the warrant was that the "determined by investigators will constitute or lead to evidence of the Subject Offenses". Warrant, page PENS_001-000033. It is not the standard of probable cause that satisfies the Fourth Amendment.

If the warrant issued is read to include search of the home, it was issued in derogation of the Fourth Amendment and is an illegal warrant. The rule is that "If the scope of the search exceeds that permitted by the terms of a validly issued warrant..., the subsequent seizure is unconstitutional without more." <u>Horton v. California</u>, 496 U.S. 128, 140 (1990).

**The facts recited in the Affidavit for Search Warrant**

The government says the warrant, application and affidavit were produced under a protective order, and invites the defendant to discuss the contents of the warrant affidavit in his motion. Gov. Response, p. 2, fn.2. Not mentioned by the government is the generous blacking out of the warrant, application and affidavit. It is difficult to discuss the contents when the contents are unknown.

**Inapplicability of the good-faith exception
where there is no warrant**

Where the government had no warrant to search a residence, it cannot claim entitlement to a good-faith exception rule. There is

- 4 -

no issue of good faith.  There is simply an issue of the government searching a residence without a warrant, in derogation of the Fourth Amendment guarantee against unreasonable searches and seizures.  The government also conducted warrantless searches of all the neighboring houses, violating the expectation of privacy of everyone in the neighborhood.

**Arguendo, the "good faith" exception does not apply in this case**

The "good faith" exception does not apply in this case.  The "good faith" question is reached where there was a determination that the search warrant was invalid, as lacking a "substantial basis" to support a ruling of probable cause.  Where there is a determination of lack of probable cause, the question is: Could the officer have reasonably believed that the facts set forth in the affidavit were sufficient to support a magistrate's finding of probable cause?  United States v. Koerth, 312 F.3d at 866.

The facts of this case show that the "good faith" exception should not apply.  The government sought a warrant under the disclosure of customer communications statute.  18 U.S.C. sec. 2703.  The government did not seek a warrant for the search of a residence under the Fourth Amendment.  It is fundamental that if a government is going to search someone's residence, it has to satisfy the requirements of the Fourth Amendment.  See Kyllo v. United States, 533 U.S. 27 (2001).

CONCLUSION

Because the search of the defendant's home was in violation of the Fourth Amendment probable cause requirement, elements and physical evidence should be suppressed as fruit of the poisonous tree. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

WHEREFORE, for all the reasons set forth above, the defendant Juan Manuel Sanchez-Jara respectfully requests that this Honorable Court to suppress from introduction into evidence the following:

    a.  the physical evidence seized from the defendant;

    b.  the statements of the defendant;

    c.  all other knowledge and the fruits thereof, witnesses, statements, whether written, oral, or gestural and physical evidence which is the direct and indirect product of the search.

                                  Respectfully submitted,
                                  FEDERAL DEFENDER PANEL
                                  ATTORNEY PROGRAM
                                  Carol A. Brook
                                  Executive Director

                                  /s/ John T. Kennedy

                                By:_____
                                  John T. Kennedy
                                  Attorney for Defendant

John T. Kennedy
Attorney for Defendant
820 Davis Street, Suite 434
Evanston, Il 60201
(847) 425-1115